Is it true that under the law applied by the 2nd Circuit and New York he could still have a possibility, but never a probability or a definite? Your Honor, because it's an equitable tolling argument, and as the Court pointed out in rejecting that concept specifically in saying that the time was not tolled by the filing in California and the pendency of the petition, the Court said that's a document that may apply in certain circumstances. So the very answer to that question is, I believe, no. And I think the 2nd Circuit, the district court made that very clear in its opinion. Hence, we're faced with the following situation. The district court in California issued a decision for some inexplicable reason, even though it was marked a priority, withheld issuance of the decision and delivery to counsel until after the statute of limitations had expired. At that point in time, there was no way of filing to satisfy New York, although I frankly was not aware or believed that to be the case and did follow the order of the Central District Court of California and filed. That petition was pending for over 13 months. The government responds by saying, well, you could have moved for reconsideration before the Central District Court of California if you were dissatisfied with that opinion, or you could have filed an appeal before the Central District Court. That was my next question, actually. Why not? Why not move for reconsideration in California? Well, because there was no reason to or wasn't believed to. There wasn't a reason. They made a mistake. There was a mistake, but it wasn't recognized as a mistake having the consequences of a dismissal in the Eastern District of New York. And, in fact – Wait a minute. Wait a minute. You had lost your case in California. It was dismissed. And you had lost your case because of a mistake. It was dismissed, and we were directed to file in the Eastern District of New York. They didn't direct you to file. Well, the court instead of – They left it up to you whether to file. Well, the court did leave it up to me to file, but the court indicated that there was no reason not to file in the Eastern District of New York under Section 2255. But the court was wrong. Yes. Why not move for reconsideration after you'd lost your case? Frankly, because at that time – at that time, at the time of the filing, when we could have filed a motion for reconsideration, there was no recognition that the original filing date would not be accepted by the Eastern District of New York. And, in fact, that lack of awareness on my part was echoed by the government, which didn't recognize it nor ever raise it, frankly. And it wasn't recognized by the Eastern District of New York for over 13 months after filing. In fact – It looks like I've got two problems with the justice so requires provision in 60B6. One is, why not file in New York within the limited time that it now looks as though maybe you could have? And number two, why not move for reconsideration? Well, I'll deal with the first part, and I thought I had dealt with that, Your Honor, which is – Yes, you spoke to that. Yes. I didn't think it was – I did file in New York and thought we had satisfied the statute by our original filing in California, which was timely and well within the one year. Moreover, there's a second statute of limitations that we felt we were within, which is the May statute of limitations, because the recognition and awareness of the basis for filing did not occur until May 2002, which would have extended the filing date for the statute of limitations until May 2003. The Eastern District of New York never dealt with that issue. And hence, we felt at the time of our filing, we were timely either under the one year, because we had filed in California timely, or within the extended statute of limitations because it was within one year of becoming aware of the basis for filing in the first place. Hence, our filing in New York was in good faith with the belief that we had satisfied the statute of limitations on two grounds. Hence, why don't we file for a motion for reconsideration within the ten days in the central district? Because we felt that there was no need to do so, because we were, in fact, timely filed in the Eastern District of New York. Why not file an appeal, which is another issue that the government raised? Well, we were – we had our application pending before the Eastern District of New York for over 13 months. There was no basis or reason to file an appeal. Was there anything to stop the man from doing two things at once, trying to litigate in New York and also seeking reconsideration under 60B1? Well, I think what would have stopped – what stopped us is we saw no justiciable controversy because we were filed in New York and the matter was pending there and we thought soundly so. It's not until the Eastern District of New York, sua sponte, rejects the petition under statute of limitations grounds, only addressing the one-year statute of limitations and not looking at the extended statute of limitations at all, that we recognize that there's a problem that needs to be further addressed. And can it even be addressed? And hence, we file a Rule 60B6 motion out here with the original court that had not been filed. And it's interesting, Judge. In all my years as a defense lawyer, I've never had the government agree with me on an issue of such importance, which is we believe that the statute is mandatory, that the Ninth Circuit, this Court, has agreed that it's mandatory that the – when confronted with a situation with a petition such as Mr. Dins's filed out here in – when it should be 2255, the correct remedy is transfer, not dismiss. And the government agrees that that's what should have been done. Had that been done, we would not be here before this Court today. The matter would have been disposed of in the Eastern District of New York. And we're here to ask that the ruling of the district court most recently be reversed, this matter be remanded to that court for appropriate relief. I'm almost at my three minutes, and I'll hold on to it unless any of the judges have a question. Thank you. Thank you. Good afternoon. I'm Barbara Underwood. I'm an assistant U.S. attorney in the Eastern District of New York, appearing as a special assistant in the Central District for purposes of this case. This appeal does not present the question whether the California District Court did the right thing in 2002, that is, whether they were – that court was right to dismiss or should have transferred. That would have been before this Court on an appeal from that dismissal. This appeal presents only the question whether the district court did the right thing in 2005. Yeah. It's hard to decide that without wondering what happened originally. Well, it's relevant. That's true. But the point is that the deny – the court – the question – the primary question is whether the court was right to deny the 60b-6 motion for raising a claim that should have been brought within one year under 60b-1. And the law is clear that 60b-6 doesn't apply here. And that's true even if it's – even if it's a good claim. The point is that it's a claim that should have been brought under 60b-1 within a year and not under 60b-6, which has no time limit except reasonableness. Would a one-year rule limit under 60b-1 be subject to equitable tolling? And could there be an argument that it should be tolled while the – during the 14 months that the Eastern District had the case? Well, I'm not aware of any such suggestion. The 60b-6 criteria talk – and this Court's cases and the Supreme Court's cases – Well, you have to move it into 60b-1, I guess. Yes. Rather than calling the 60b-6, call it 60b-1 with a tolling of the time. That's really not – the Court's – I've never seen any case like that, where the defendants – what happens when a Petitioner misses the one year is he tries to characterize it as 60b-6. And then we get the law of what constitutes extraordinary circumstances that allow a claim that should have been brought under 60b-1 to be brought under b-6. And the extraordinary circumstances have never been – and the Court has repeatedly said – failure to take a timely appeal is not an extraordinary circumstance. Was there anything in the law that would have prevented the Petitioner from simultaneously litigating a 60b-1 motion in California and his Petition on the merits in New York? Not that I'm aware of. I would say, though, if he had to choose – and there's nothing in the law that required him to choose – litigating here was the appropriate way. He – Well, wait a minute. I didn't ask you that. Yes. Okay. Not that I know of. What I want to know is, could he do both at once? I believe so. And could he have appealed in California while simultaneously pursuing relief in New York? Well, he could certainly have filed both documents. One court might have decided to defer to await the outcome of the other. But he would have met the time deadlines by doing so. Is there any provision of statute or case law that says he could not have simultaneously appealed in California and petitioned in New York? I'm unaware of any. I'm unaware of any. So what you were talking about was you were speculating on how one or another court might exercise its discretion. That's correct. That's correct. Might choose to hold the decision. Is there a law that says how the discretion should be exercised in that circumstance, or are you just speculating on the basis of what you think a court might think was reasonable? The latter. That is, I am not just what I think a court might think was reasonable. I mean, courts, I have seen courts. I was curious about why you were arguing against yourself. And I was thinking, maybe there's some law out there I don't know about. No. No. Not that I know of. I'm only, I think he could have proceeded on both fronts. I think that his suggestion that the court in New York would somehow have deemed the dismissal. Hold on. Yes. I don't know if you caught the gist of what I just said. It seemed apparent to me that he could have done both at once, so justice does not require relief under subsection six. But whenever I ask you about it, you don't just give it to me, yep, that's it. Yes. Instead, you give me a whole lot more talk. And what that makes me think is, I'm missing something. There's law I don't know about here. And if I say he could do both at once, I must be wrong because of law I don't know about. No, you're correct. So tell me. You're correct. He could have done both at once. You don't have to remain silent now for the other five minutes. You don't have to say anything, you don't have to elaborate. Okay. I just wanted to point out that perhaps it's obvious, but that this court has repeatedly said that the failure to appeal, to take a timely appeal, does not constitute the extraordinary circumstances that are needed to bring a case within 60b-6. And the mistakes here, his mistake in filing the wrong motion and then missing deadlines and trying to correct it, or for that matter, the court's mistake, if it was one in failing to transfer, are just ordinary mistakes of law, properly correctable by appeal or 60b-1. The kind of thing that constitutes extraordinary circumstances, the kind of thing that this court and the Supreme Court have recognized as extraordinary circumstances are things like being in prison without the ability to send mail to a lawyer or failing to receive notice of a motion from taking a timely appeal, rather than simply not taking a timely appeal. I think that unless you have any further questions, I'll rest for a brief. I'll try to address squarely the panel's question, which is why not pursue both in both jurisdictions? I think it's important to address the question of why not bring a 60b-1 application sooner, because the matter was pending in New York and the court had not dismissed based on the statute of limitations. In fact, counsel believed that it was well within both statutes of limitation, the one that was pending in New York and the one that was pending in statute of limitations, as well as the extended statute of limitations, and that's in the record, where the Petitioner's case did not become aware of his claims until May of 2002, hence thinking he had until May of 2003 under the second statute of limitations. That's why not to file a 60b-1 application. It's also the reason not to file an appeal of the Central District Court's decision, because it's believed that an adequate and proper petition is pending in New York. That does not become an issue until the dismissal in the Eastern District of New York, at which time prejudice does attach. One wouldn't file out here because there wouldn't be a need to, inasmuch as the belief was that there was a Section 2255 habeas petition properly filed and pending in the Eastern District of New York. You know, even though it has not been addressed, I think the Court needs to understand the significance of the constitutional issue involved here. This Petitioner never had an opportunity to testify at his own trial. His defense counsel has echoed that he doesn't recall ever discussing that with him, and he's now in prison for the rest of his life with no parole. You get that very benefit. You get that very right read to you at the time of a plea on the most ministerial of charges in the very district court that I appeared in. But he didn't get it in a member trial. And I think one has to weigh that when considering the extraordinary circumstances here. This is not a situation where a tactical decision was made not to file a motion for reconsideration or to take an appeal. The district court of California's decision was followed to the letter. Filing was done in New York for a Section 2255 application. And the only time the statute of limitations issue became an issue was 13 months later, on the application of the court sui sponte and not on the application of the government. Had the government even recognized it as an issue, they would have raised it. They only raised it on the appeal. I think I'm almost up, and I don't know whether the court has any further questions of me. I'd be glad to answer them. Thank you, counsel. Thank you very much. Dinsa versus Herrera is submitted.
judges: Canby, Noonan, Kleinfeld